UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHARLOTTE SORINA-WASHINGTON                CIVIL ACTION

VERSUS                                     NO: 03-3643

MOBILE MINI, INC. AND XYZ                  SECTION: "J"(2)
INSURANCE COMPANY

**ORDER AND REASONS**

Before the Court is defendant, Mobile Mini Inc.'s, **Motion for Summary Judgment.** (Rec. Doc. 70).  The motion is opposed.  (Rec. Doc. 71).  After reviewing the motion, the opposition, the record, and prior rulings, the Court finds that defendant's motion for summary judgment should be **GRANTED.**

**BACKGROUND**

On December 31, 2003, plaintiff filed a complaint seeking recovery for damage to her property that occurred while the property was stored in a mobile self-storage unit rented from defendant. (Rec. Doc. 1).  In an order dated January 27, 2005, this Court found that under the rental contract plaintiff's

1

recovery for the damage is limited to $2,560.00. (Rec. Doc. 41). Defendant filed the instant motion based on a stipulation to liability for $2,560.00.

## LEGAL STANDARD

Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing Fed. R. Civ. Proc. 56(c)).  The moving party bears the initial burden of demonstrating to the court that there is an absence of genuine factual issues. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992).  Once the moving party meets that burden, the non-moving party must produce evidence sufficient to establish that there is a genuine issue of material fact in dispute. *Id*. Accordingly, a factual controversy exists when both parties have submitted evidence of contradictory facts. *Little*, 37 F.3d at 1075.  On summary judgment, factual controversies are resolved in favor of the non-moving party. *Id*.

**DISCUSSION**

Relying on this Court's January 27, 2005 order limiting damages in the case, defendant stipulates to liability for $2560.00, the maximum recovery available to plaintiff. Defendant contends that its stipulation to liability and to the maximum amount of damages removes any issue that would require a trial and renders summary judgment appropriate. Defendant is correct.

Plaintiff opposes the motion based upon the contention that the record indicates that plaintiff's unilateral error vitiated her consent and nullified the rental contract. The January 27, 2005 order forecloses plaintiff's argument. Louisiana law requires a heightened level of notification for a waiver of implied warranty. *See Gulf Am. Indus. v. Airco Indus. Gases*, 89-709, p. 8 (La. App. 5 Cir. 6/1/90); 573 So. 2d 481, 488, and cases cited therein. This Court found that doubt existed as to whether plaintiff was notified sufficiently to waive the legally implied warranties.

However, the Court also found that the parties entered into a binding contract. Plaintiff's consent to this contract was evidenced by her signature on the contract. A contractual clause limiting the liability of a party carries no heightened notification requirement, and the Court found that the value limitation clause was effective. Having already decided that a

3

valid contract exists, the Court will not now entertain argument regarding its validity.

Defendant's stipulation as to liability and as to the maximum damages available to plaintiff in this case removes any issue requiring a trial. Accordingly,

**IT IS ORDERED** that defendant's **Motion for Summary Judgment** (Rec. Doc. 70) is **GRANTED**.

New Orleans, Louisiana, this 19th th day of December, 2005.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE